**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Pornchai Moontri


    v.                                    Civil No. 06-cv-122-SM


Jeffrey Merrill, Warden,
Maine State Prison, et al.


**REPORT AND RECOMMENDATION**


    Pornchai Moontri has filed a petition for a writ of habeas
corpus pursuant to 28 U.S.C. § 2254 alleging that his
incarceration in the United States violates his rights under the
Convention for the Transfer of Sentenced Persons ("The
Convention") and that he has been discriminated against because
he is Asian.  The petition is before me for preliminary review to
determine, among other things, whether it states a claim upon
which relief might be granted.  See United States District Court
for the District of New Hampshire Local Rule ("LR") 4.3(d)(2); 28
U.S.C. § 1915A(a).  For the reasons discussed herein, I recommend
that Moontri's petition be dismissed.

Standard of Review

    Under this court's local rules, when an incarcerated
plaintiff commences an action *pro se* and *in forma pauperis*, the

magistrate judge is directed to conduct a preliminary review and to prepare a report and recommendation advising the district judge whether the action, or any portion thereof, should be dismissed because:

> (i) the allegation of poverty is untrue, the action is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief under 28 U.S.C. § 1915A(b); or

> (ii) it fails to establish subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

LR 4.3(d)(2).  In conducting the preliminary review, the Court construes *pro se* pleadings liberally.  See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe *pro se* pleadings liberally in favor of the *pro se* party).  "The policy behind affording *pro se* plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the petitioner and inferences reasonably drawn therefrom must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3

(1st Cir. 1996) (stating the "failure to state a claim" standard
of review and explaining that all "well-pleaded factual
averments," not bald assertions, must be accepted as true).  This
review ensures that *pro se* pleadings are given fair and
meaningful consideration.  See <u>Eveland v. Dir. of C.I.A.</u>, 843
F.2d 46, 49 (1st Cir. 1988).

<u>Background</u>

     Pornchai Moontri, a citizen and legal resident of Thailand,
was convicted in a Maine Superior Court of two counts of murder
in 1993 and sentenced to forty-five years in prison.  In 1994,
Moontri was told by officials from the Immigration and
Naturalization Service that he would be deported, but no steps
have been taken toward Moontri's deportation to date.  At some
point during his incarceration, Moontri was transferred to New
Hampshire to serve his Maine sentence.  Moontri now seeks
immediate deportation to Thailand.

     Moontri further alleges that he has the right to be
transferred to his home country under the Convention, which
provides for the transfer of foreign prisoners to their home
countries.  18 U.S.C. §§ 4100 <u>et seq.</u>  Moontri alleges that all
of the Asian prisoners in the MDOC are discriminated against and

subjected to out-of-state transfers and false allegations of wrongdoing by MDOC officials.  Moontri alleges that he was denied transfer to Thailand as a result of alleged racial and national origin discrimination perpetrated by MDOC and federal immigration officials.

### Discussion

Section 2254 confers jurisdiction on this Court to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[1]  28 U.S.C. § 2254(a).  Accordingly,

---

[1]Although Moontri's petition invokes 28 U.S.C. § 2254, the relief he seeks may instead be cognizable under 28 U.S.C. § 2241. Section 2254 confers jurisdiction on this Court to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Section 2241 confers jurisdiction on this Court to issue writs of habeas corpus in response to a petition from a state or federal prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(a) and (c)(3).  Some federal courts of appeals have found that an action by a person in state custody challenging the execution of their sentence must be brought under § 2254 rather than § 2241.  See Rossney v. Travis, 2003 WL 135692 at *5 (S.D.N.Y. Jan. 17, 2003) (collecting cases), while other courts have found that a state prisoner's challenge to the execution of his sentence, rather than to its fact or duration, must be brought under § 2241. See e.g., Henderson v. Scott, 260 F.3d 1213, 1214 (10th Cir. 2001).  The First Circuit has not yet decided this issue.  Because I

Moontri must allege that his custody violates some right accorded
to him under the federal law, the Constitution, or treaties
entered into by the United States.  Moontri alleges that he has a
right under the Convention to be transferred to his home country
for the service of his sentence.

The Convention authorizes the Attorney General of the United
States to implement a transfer of a prisoner to his or her home
country to serve a sentence pursuant to a treaty entered into
between the sending and receiving country when the prisoner
consents to such transfer, and the sentence is being served for a
crime that is a criminal offense in the receiving country.  18
U.S.C. §§ 4100(b), 4102(3).  However, the Convention rests the
discretion for such a transfer solely in the Attorney General,
and does not set out particularized standards or criteria for
such transfer.  Bagguley v. Bush, 953 F.2d 660, 662 (D.C. Cir.
1991), cert. denied, Bagguley v. United States, 503 U.S. 995
(1992).  Accordingly, there are no limits on the official
discretion accorded the Attorney General in transfer decisions.
Id.  As a result, Moontri's claim that he has a right or

---

recommend that Moontri's petition be dismissed based on his
failure to allege that the execution of his sentence violates an
enforceable right, there is no need to resolve the issue at this
time.

protected liberty interest that accrues under the Convention
fails.  See id.  Because he has not alleged that his
incarceration violates any right or protected liberty interest, I
recommend that his § 2254 petition be denied.

Moontri further alleges that federal and Maine state
officials have engaged in discrimination against all of the Asian
prisoners in the MDOC.  These bald allegations, even liberally
construed, are not sufficient to allege that Moontri's
incarceration violates any federal right against discrimination.
To the extent that Moontri seeks to state a claim alleging racial
or national origin discrimination in the conditions of his
confinement, such a claim must be brought by filing a separate
civil rights action under 42 U.S.C. § 1983 in a court of
appropriate jurisdiction.[2]  Such a claim is not properly raised
in a habeas petition, as habeas relief is not available for
challenges to the conditions of a prisoner's confinement if the
challenge is unrelated to the fact or length of the prisoner's
custody.  Preiser v. Rodriguez, 411 U.S. 475, 489-99 (1973);
Wolff v. McDonnell, 418 U.S. 539, 554 (1974).  Accordingly, I

_____

[2]In this case it appears that the appropriate court to hear
the discrimination claim is the United States District Court for
the District of Maine as that court has personal jurisdiction
over the MDOC officials.

recommend that the civil rights discrimination claim be
dismissed.

Conclusion

For the foregoing reasons, I recommend that Moontri's
petition be dismissed in its entirety.  Any objections to this
Report and Recommendation must be filed within ten (10) days of
receipt of this notice.  Failure to file objections within the
specified time waives the right to appeal the district court's
order.  See Unauthorized Practice of Law Comm. v. Gordon, 979
F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete,
792 F.2d 4, 6 (1st Cir. 1986).


_____
James R. Muirhead
United States Magistrate Judge

Date:      June 19, 2006

cc:        Pornchai Moontri, *pro se*